| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>9th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>2020-0373-NO |

**Court address**
150 E. Crosstown Parkway, Kalamazoo, MI 49001

**Court telephone no.**
(269) 383-8837

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| KERRY L. BRIGHAM<br>5947 N. Sprinkle Road<br>Kalamazoo, MI 49004 | v | TARGET CORPORATION,<br>a domestic profit corporation,<br>40600 Ann Arbor Rd E Ste 201<br>Plymouth, MI 48170 |

Plaintiff's attorney, bar no., address, and telephone no.
David A. Lewis (P45069)
LEWIS REED & ALLEN, P.C.
136 E. Michigan Avenue, Ste 800
Kalamazoo, MI 49007
(269) 388-7600

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court (28** days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9-24-2020 | 12-24-2020 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR

**EXHIBIT 1**

| SUMMONS |
|---|
| Case No. |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                 Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
                                    Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE 9th CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

KERRY L. BRIGHAM,

    Plaintiff,

v

TARGET CORPORATION, a
domestic profit corporation,

    Defendant.

Case No.    NO

HON. ALEXANDER C. LIPSEY

---

David A. Lewis (P45069)
LEWIS, REED & ALLEN, P.C.
Attorney for Plaintiff
136 East Michigan Avenue, Suite 800
Kalamazoo, MI 49007
(269) 388-7600

---

There is no other pending or resolved civil action arising out of same transaction or occurrence as alleged in this complaint.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, KERRY L. BRIGHAM, by and through her attorneys, LEWIS REED & ALLEN, P.C., and for her complaint states as follows:

1. Plaintiff is a resident of Kalamazoo County, Michigan.

2. Defendant Target Corporation is a domestic profit corporation with a principle place of business in Minneapolis, Minnesota, authorized to and doing business in Kalamazoo County, Michigan with a registered agent located in Plymouth, Michigan.

3. Defendant owns, operates and/or has control of the premises located at 5350 West Main Street, Kalamazoo, Michigan 49009 ("Premises").

4. At the time of the incident, which is the subject matter of this lawsuit, Plaintiff was a business invitee of Defendant and was present on the Premises.

5. The incident which is the subject matter of this lawsuit occurred in Kalamazoo County, Michigan.

6. The amount in controversy exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00) and jurisdiction and venue are otherwise proper in this court.

## COUNT I

## NEGLIGENCE

7. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

8. As the entity who owned, managed, operated and/or controlled the Premises, Defendant had a duty to exercise ordinary care to keep the Premises in a reasonably safe condition for business invitees, including Plaintiff.

9. On the afternoon of October 10, 2017, Plaintiff was lawfully on the Premises as a business invitee with her two minor daughters sitting on a bench in the shoe department when a large piece of a display shelving unit fell and struck her in the head and upper body as a direct and proximate result of (but not limited to) Defendants failure to maintain the display unit in a safe condition, failure to properly assemble the display unit, and failure to inspect and make safe the Premises for business invitees such as Plaintiff.

10. Plaintiff exercised due caution and ordinary care while on the Premises and was not guilty of negligence or comparative negligence in connection with the instant matter.

11. The conditions complained of were not observable upon casual inspection nor did Defendant provide any warning of the existence of the unreasonably dangerous condition.

12. The conditions complained of had special aspects, including but not limited to, the fact that the risk of harm was unreasonable to this Plaintiff and, upon information and belief, was created by Defendant.

13. Defendant had a duty to the public in general, and to Plaintiff in particular, to provide a safe place for invitees such as Plaintiff and others similarly situated, and to exercise due care in the operation and maintenance of the Premises so as to prevent injury to its invitees.

14. Further, Defendant had a duty to Plaintiff and other patrons of the Premises, as invitees, to inspect the Premises for dangerous conditions and to warn Plaintiff and other patrons of dangerous conditions of which it knew, should have known, or created.

15. Defendant knew, or in the exercise of ordinary care should have known, of the dangerous conditions present on the Premises, specifically the unreasonably dangerous display unit, which condition was, upon information and belief, created by Defendant or its employees/agents, whose negligence is imputed to and becomes the negligence of Defendant through the doctrine of *respondeat superior*.

16. Defendant knew or should have known that the condition of the Premises involved an unreasonable risk of harm to business invitees, including Plaintiff.

17. The dangerous conditions existed for a sufficient length of time for Defendant to have discovered and remedied the conditions.

18. Defendant had a duty to take reasonable measures within a reasonable amount of time to reduce and/or diminish the hazard to persons lawfully on the premises, such as Plaintiff.

19. Upon information and belief, security video recordings of the Premises indicate the dangerous conditions on the premises and that such conditions existed for a substantial period of

time before the Plaintiff was injured, demonstrating that Defendant had constructive knowledge of the dangerous conditions yet failed to correct said conditions.

20. Notwithstanding said duties set forth above, Defendant breached them by, without limitation:

 (a) Negligently maintaining dangerous and defective conditions on a portion of the premises where it knew or should have known invitees would traverse;

 (b) Failing to take precautionary measures to correct or alleviate the unsafe conditions created by the display unit;

 (c) Failing to inspect said premises for dangerous conditions and failing to warn Plaintiff and others similarly situated of the unsafe conditions after such time as Defendant knew or could reasonably have known of the unsafe conditions;

 (d) Failing to warn Plaintiff and other patrons of the conditions that caused Plaintiff's injury;

 (e) Creating a dangerous condition by improperly maintaining the premises; and

 (f) Performing other acts of negligence not yet known by Plaintiff but which will be ascertained during the discovery of said litigation.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was struck in the head and upper body and sustained injuries, including but not limited to head injuries, neck injuries, and any and all damages which the proofs may show.

22. As a further direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff has suffered and will continue to suffer, without limitation, pain, humiliation, embarrassment, mental anguish, fright, shock, disability, loss of enjoyment of life, gross indignity and inconvenience because of the permanent nature of said injuries, and both wage loss and impairment of her earning capacity due to the permanent nature of her injuries.

23. That as a further result of Defendant's negligence, Plaintiff's family has been emotionally and financially impacted.

WHEREFORE, Plaintiff prays for a Judgment against the Defendant TARGET CORPORATION, of actual and consequential damages in whatever amount in excess of Twenty-Five Thousand Dollars ($25,000.00) she is deemed to be entitled by this Honorable Court and/or Jury, together with costs, interest, and attorney fees.

LEWIS REED & ALLEN, P.C.

BY: _____
DAVID A. LEWIS (P45069)
Attorney for Plaintiff
136 E. Michigan Avenue, Ste. 800
Kalamazoo, MI 49007
(269) 388-7600

Dated: September 23, 2020

## JURY DEMAND

Plaintiff, KERRY L. BRIGHAM, hereby demands a trial by jury on all issues in this matter.

LEWIS REED & ALLEN, P.C.

BY: _____
DAVID A. LEWIS (P45069)
Attorney for Plaintiff
136 E. Michigan Avenue, Ste. 800
Kalamazoo, MI 49007
(269) 388-7600

Dated: September 23, 2020